### KELLY v. SANDERS.   (4 Div. 978.)

(Supreme Court of Alabama.   April 6, 1922.)

1. **Evidence** ⚖==471(19)—**Quality of beef in dispute may be shown as a fact by persons who ate it.**

Where the quality of beef tendered on a sale was in dispute the statements of the parties who ate it that it was good was not an opinion or conclusion, but admissible as a material fact.

2. **Evidence** ⚖==123(1) — **Declaration buyer's stock was exhausted held res gestæ in action for rejecting beef sold, where plaintiff alleged defendant overstocked.**

Where the seller's theory of the case was that buyer rejected the beef sold to him because he did not need it, it was error to exclude evidence that the buyer had no other beef on hand at the time of rejection, and that in telephoning for another beef in the seller's presence he stated that the beef tendered was bad, since this was res gestæ, relevant as contradicting the seller, and not subsequent acts or declarations manufactured to promote the cause.

3. **Sales** ⚖==181(5)—**That buyer had storage capacity for goods rejected held admissible.**

In action by seller against buyer of beef for failure to accept it, it being the seller's theory that the beef was rejected because buyer had no storage room, and not because of inferior quality, it was error to exclude buyer's evidence that he had sufficient storage capacity for the beef.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by Porter Sanders against A. V. Kelly for the price of a beef, killed and delivered by the plaintiff, but refused by the defendant. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

O. S. Lewis, of Dothan, for appellant.

The general rule is that witnesses must testify to facts, and not inferences or conclusions. 90 Ala. 44, 7 South. 813; 101 Ala. 488, 13 South. 793; 199 Ala. 177, 74 South. 246. The court erred in refusing to allow the telephone conversation between the defendant and one May to go to the jury, the plaintiff being present and hearing same. 108 Ala. 132, 19 South. 14.

Farmer, Merrill & Farmer, of Dothan, for appellee.

Witnesses may testify as to the quality of an article. 120 Ala. 449, 25 South. 27. Counsel discuss the other assignments of error, but without further citation of authority.

ANDERSON, C. J. [1] The plaintiff sued the defendant for his refusal to accept a beef which he had previously sold him. The plaintiff's theory was that the beef was good and marketable, and defendant refused to accept the same, not because of its inferior quality, but because he did not need it, and had no room for it. Defendant's theory was that he did need it, had room for it, and declined to accept the same on the sole ground that it was such an inferior beef as to be unfit for market purposes, and for which plaintiff knew he wanted said beef at the time of the negotiation. The quality of the beef was a material issue in the case, and the trial court did not err in permitting some of the parties to whom plaintiff sold some of the beef, who saw and ate it, from testifying that it was good beef. This was not a forbidden opinion or conclusion, but was a simple fact as to which any ordinary witness can testify.

[2] The trial court erred in not permitting the defendant's witness to testify that defendant called May over the phone and told him to kill him a beef; that the man who brought him a beef that morning did not bring him a good one. It was at the time stated that defendant offered to prove in connection therewith that this was done in the presence of the plaintiff and at the time defendant refused to accept the beef. This was clearly a part of the res gestæ, and was relevant, as it tended to contradict the plaintiff and to corroborate the defendant, and does not come under subsequent acts or declarations of a party done or made for the purpose of corroborating his testimony.

[3] The defendant should have likewise been permitted to show that he had sufficient refrigerator or storage capacity to receive the beef, as this related to an existing physical condition, and was contradictory of the plaintiff's theory that defendant rejected the beef because he was full up and could not receive it.

The defendant had the right to show that

---

⚖==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he did not have another beef on hand when he refused to take the one tendered by the plaintiff, but we doubt his right to show that he was forced to buy another beef to take its place, and, as the question contained improper matter, we cannot put the trial court in error for sustaining the objection to same.

For the errors above suggested the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.